1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

# DISTRICT OF NEVADA

8

9  FRANCIS GAON,

10        Petitioner,                                    Case No. 2:15-cv-02009-APG-VCF

11  vs.                                                  **ORDER**

12  SHERIFF JOSEPH LOMBARDO, et al.,

13        Respondents.

14

15        Before the court are the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and

16  a request for a stay of the state court proceedings pursuant to 28 U.S.C. § 2251 (ECF No. 1),

17  petitioner's supplement (ECF No. 4), respondents' motion to dismiss (ECF No. 6), petitioner's

18  opposition (ECF No. 8), and respondents' reply (ECF No. 9).  The court abstains from considering

19  the petition because of petitioner's ongoing criminal proceedings in state court, and the court grants

20  the motion.

21        In 1985, pursuant to a plea agreement petitioner was convicted of felony driving under the

22  influence of alcohol ("DUI").  Under the law in effect at the time, any subsequent DUI charge

23  within seven years of 1985 conviction would be enhanced.  In 2005, that law was amended, and the

24  1985 conviction now may be used to enhance any subsequent DUI charge, regardless of when the

25  subsequent DUI was committed.  In 2012, petitioner was arrested for DUI.  The charge was elevated

26  to a felony because of the 1985 conviction.  The charge is pending in state district court.  Petitioner

27  argues that the elevation of the 2012 DUI charge to a felony breaches the 1985 plea agreement,

28  because the spirit of the 1985 plea agreement was that the conviction could be used only for seven

1   years.  See Santobello v. New York, 404 U.S. 257 (1971).  Petitioner also argues that the application

2   of the 2005 amendment that removed the seven-year limit violates of the Ex Post Facto Clause of

3   the Constitution of the United States.

4          Federal courts should abstain from intervening in pending state criminal proceedings unless

5   there are the extraordinary circumstances of a great and immediate danger of irreparable harm.

6   Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also Ex Parte Royall, 117 U.S. 241, 251 (1886).

7   A court "must abstain under Younger if four requirements are met:  (1) a state-initiated proceeding

8   is ongoing; (2) the proceeding implicates important state interests; (3) the federal [petitioner] is not

9   barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court

10  action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with

11  the state proceeding in a way that Younger disapproves."  San Jose Silicon Valley Chamber of

12  Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

13  "To determine whether an exception to Younger is present, the court must also examine whether the

14  proceeding demonstrates bad faith, harassment, or some other extraordinary circumstances that

15  would make abstention inappropriate."  Kenneally v. Lungren, 967 F.2d 329, 332 (9th Cir. 1992)

16  (internal citations and quotations omitted).

17         A claim that a state prosecution will violate the Double Jeopardy Clause presents an
           exception to the general rule of [Younger], requiring federal courts to abstain from
18         interfering with pending state criminal proceedings.  The Fifth Amendment's protection
           against double jeopardy—"nor shall any person be subject for the same offense to be twice
19         put in jeopardy of life and limb"—"is not against being twice punished, but against being
           twice put in jeopardy." . . .  Because full vindication of the right necessarily requires
20         intervention before trial, federal courts will entertain pretrial habeas petitions that raise a
           colorable claim of double jeopardy.

21

22  Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992) (internal citations omitted).

23         All of the Younger requirements are met.  First, criminal proceedings are ongoing in state

24  court.  Second, prosecution of crimes is an important state interest.  See Kelly v. Robinson, 479 U.S.

25  36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44.  Third,

26  petitioner may raise, and has raised, his constitutional claims in state court.  Fourth, if this court

27  granted petitioner relief, it would result in the termination of his state-court criminal action, which is

28  an action that Younger disapproves.

1    The court agrees with respondents that petitioner has not demonstrated bad faith.  Petitioner

2 has not demonstrated that he is being prosecuted for DUI for any reason other than those stated in

3 respondents' motion and the exhibit attached to the motion.  According to those documents, a police

4 officer checked a license plate on a car and learned that a bench warrant had been issued for the

5 car's owner, petitioner.  The police officer stopped petitioner's car, identified the driver as

6 petitioner, and smelled alcohol on petitioner's breath.  Petitioner failed sobriety tests, and he was

7 arrested.  A later test showed the alcohol content of petitioner's blood exceeded the legal limit.

8 Those are not bad-faith reasons to prosecute petitioner for DUI.  Petitioner argues that under the

9 terms of the 1985 plea agreement that the 1985 DUI conviction cannot be used to elevate the current

10 charge to a felony.  The prosecution disagrees, but a disagreement over a contract term is not

11 necessarily bad faith.  Moreover, petitioner has not provided a copy of the written 1985 plea

12 agreement, and the court has no way of evaluating petitioner's argument.

13    The court is not persuaded by petitioner's argument that his Santobello claim and his ex post

14 facto claim are the functional equivalents of a double jeopardy claim.  Mannes notes that the Double

15 Jeopardy Clause protects people not just from being punished twice but also from being placed in

16 jeopardy twice.  967 F.2d at 1312.  Acquittal at a second trial would not cure a double-jeopardy

17 violation, and reversal on direct appeal or in post-conviction proceedings after a second trial would

18 not cure a double-jeopardy violation, because the second trial itself is the double-jeopardy violation.

19 In dicta, the court of appeals has noted that the double-jeopardy exception to Younger is sui generis.

20 Sherwood v. Tomkins, 716 F.2d 632, 634 n.2 (9th Cir. 1983).[1]  In contrast, Santobello and the Ex

21 Post Facto Clause are no different from other claims of pre-trial constitutional violations.  They can

22 be corrected after a trial, and, if they are corrected in state court, then federal habeas corpus

23 proceedings are unnecessary.

24

25

26

27    [1]Federal courts also may consider pre-trial habeas corpus petitions claiming that the right to a speedy trial is being violated.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S.

28 484 (1973).  Petitioner is not claiming that his right to a speedy trial is being violated, and he is not arguing that his claims are analogues to a speedy trial claim.

1    Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the

2    court will not issue a certificate of appealability.

3    IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 6) is

4    **GRANTED**.  This action is **DISMISSED** without prejudice.  The clerk of the court shall enter

5    judgment accordingly and close this action.

6    IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

7    DATED:  September 28, 2016.

8

9

    ANDREW P. GORDON
10    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28